# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**TIFFANY ADAIR**                                                                    **PLAINTIFF**

v.                                    **No. 4:10-cv-525-DPM**

**PATRICK R. DONAHOE, Postmaster**
**General of the United States Postal Service**                **DEFENDANT**


## ORDER

Tiffany Adair was a part-time flexible clerk with the Lonoke Post Office.
After several performance problems, the Postal Service* fired Adair in May
2008, during her ninety-day probation period. Adair alleges that the Postal
Service violated Title VII by discriminating against her based on her race, her
gender, and her pregnancy. The Postal Service moves for summary judgment.
FED. R. CIV. P. 56; *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042–43 (8th Cir.
2011).

---

*Adair sued Postmaster General John E. Potter in 2010. His
successor—Patrick R. Donahoe, current Postmaster General of the United
States Postal Service—was automatically substituted on taking office. FED.
R. CIV. P. 25(d). The Court now corrects the style of the case, and directs
the Clerk to correct the docket sheet.

1. The Court must, and does, view the facts "in the light most favorable to [Adair] only if there is a genuine dispute as to those facts." *Torgerson*, 643 F.3d at 1042 (quotation omitted). Adair took her first career position with the Postal Service in late-March 2008 when she became a part-time flexible clerk at the Lonoke Post Office. As a career employee, she had a ninety-day probationary period. Adair was having problems on the job by early April. Less than two weeks into Adair's probation, Postmaster James Douglas had to talk to her about failure to follow instructions, unauthorized overtime, and false endorsement on mail. During a driving observation a couple of weeks later, Postmaster Douglas saw Adair make an unnecessary U-turn and park facing into traffic during two stops. He had a discussion with her about safety practices.

On her thirty-day evaluation, Adair received unsatisfactory ratings in four areas: work quantity, work quality, dependability, and work methods. The only areas where Adair had performed satisfactorily were work relations and personal conduct. *Document No. 13-2, at 4*. Shortly after this evaluation, Adair allegedly failed to collect the mail and scan the collection boxes on one of the city routes. After this incident, Postmaster Douglas terminated Adair's

probation based on her continued unsatisfactory job performance. *Document No. 13-2, at 11.*   Having exhausted her remedies with the USPS Equal Employment Opportunity Office, Adair brought this action, claiming violations of Title VII.

2.      Adair claims that the Postal Service discriminated against her based on her race, gender, and pregnancy.  In order to make out a *prima facie* case, Adair must show that: (1) she belongs to a protected class; (2) she was meeting her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) "the circumstances give rise to an inference of discrimination (for example, similarly situated employees outside the protected class were treated differently.)"  *Lake v. Yellow Transportation, Inc.,* 596 F.3d 871, 874 (8th Cir. 2010); *see also Lang v. Star Herald,* 107 F.3d 1308, 1311 (8th Cir. 1997) (pregnancy discrimination).  The parties dispute only the fourth element.

As evidence of gender discrimination, Adair points to two male employees who she claims were similarly situated and were treated more favorably.  These men, however, were non-probationary employees, while Adair was a probationary employee. The Postal Service therefore argues that

-3-

Adair and the other employees were not "similarly situated in all relevant respects." *Martinez v. W.W. Grainger*, Inc., 664 F.3d 225, 230 (8th Cir. 2011).

The distinction between probationary and non-probationary employees is significant. The Eighth Circuit, for example, has held that probationary state troopers are not similarly situated to non-probationary troopers. *Bogren v. Minnesota*, 236 F.3d 399, 405 (8th Cir. 2000). There, a collective bargaining agreement created a different discipline regime for each group. *Ibid.* *Ghane v. West*, 148 F.3d 979, 982 (8th Cir. 1998), is also on point.

This case presents a similar situation. A probationary employee in Adair's position is subject to termination anytime "it becomes apparent that the employee lacks capacity for efficient service." *Document No. 13-2, at 2.* Non-probationary employees, however, are subject to a more forgiving progressive-discipline policy. In light of this difference, Adair was not similarly situated to the Postal Service's non-probationary employees. *Bogren*, 236 F.3d at 405; *Lynn*, 160 F.3d at 487.

On her race claim, Adair points to Aliscia Houchins—a white female—as an alleged comparator. Most of the evidence about Aliscia Houchins's employment relates to her time as a non-probationary employee

and therefore is not relevant to Adair's race-discrimination claim. But Adair also argues that she and Houchins are similarly situated because Houchins also had poor evaluations during her probationary period.

"The burden of establishing a *prima facie* case of disparate treatment is not onerous." *Torgerson*, 643 F.3d at 1047 (quotation omitted). Comparing Adair and Houchins during their respective probationary periods might be sufficient for Adair to clear the low threshold at the *prima facie* stage. At the pretext stage, however, the bar is higher. Adair must show that she and Houchins were "similarly situated in all relevant respects—a rigorous standard at the pretext stage." *Torgerson*, 643 F.3d at 1052 (quotation omitted).

Adair has not carried her burden. It is true that Adair and Houchins both had unsatisfactory evaluations during their respective probationary periods. But they differ in one key respect: Postmaster Douglas concluded that Adair made a particularly serious mistake by failing to collect the mail and scan the collection boxes on one of her routes. Adair disputes this conclusion. She says she knew someone else was going to collect this mail. The Court accepts her view about what happened. But Adair and Houchins are not similarly situated in all relevant respects because Adair was entangled

in allegations about this kind of serious misconduct.   Houchins was not. There is no evidence that Houchins had any issues of this magnitude during her probationary period.

No reasonable jury could find that Adair and Houchins were similarly situated in all relevant respects.   And because Adair has not carried her burden with an adequate comparator, no reasonable jury could find that the Postal Service's different treatment of Adair and Houchins during their respective probationary periods demonstrates pretext for discrimination. Adair's Title VII claims for race and gender discrimination fail as a matter of law. *Torgerson*, 643 F.3d at 1051.

Like her race and gender claims, Adair's pregnancy-discrimination claim is analyzed under *McDonnell Douglas*.   Adair must still show that she was treated differently than similarly situated employees. *Lang*, 107 F.3d at 1311–12. But the Court has already held that Adair was not similarly situated to any of her alleged comparators.; and she offers no additional comparators on this claim.   Adair's pregnancy-discrimination claim therefore also fails as a matter of law.

* * *

Motion for summary judgment, *Document No. 12*, granted.   Adair's complaint is dismissed with prejudice.

So Ordered.

_____
United States District Judge

27 March 2012